IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

RECARDO ALPHANSO HAMILTON,           :

    Petitioner,                  :

v.                                   :

                                CIVIL ACTION 07-256-CG-M

PETER D. KEISLER,[1]                 :
MICHAEL CHERTOFF,
WARDEN DAVID O. STREIFF,              :

    Respondents.                 :


REPORT AND RECOMMENDATION


    This is an action under 28 U.S.C. § 2241 by Recardo Alphanso Hamilton, a citizen and native of Jamaica, who has been detained by the U.S. Department of Homeland Security (Doc. 1).[2]  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended that the instant petition be dismissed.

    In his petition, Petitioner asserts that he lawfully entered

---

[1]On September 17, 2007, Peter D. Keisler became the Acting Attorney General for the United States and should, therefore, be substituted for Alberto Gonzales, pursuant to Fed.R.Civ.P. 25(d)(1) (*see* Doc. 11, p. 1 n.1).

[2]Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

this country on September 1, 1976 (*see* Doc. 1, pp. 3-4; *see also*
Doc. 2, p. 2; Doc. 9, p. 6).[3]  By his own admission, Hamilton was
convicted of criminal possession of a controlled substance, under
the laws of New York, on May 16, 2001 and was imprisoned (Doc.
1).  Following an evidentiary hearing, a U.S. Immigration Judge
found that Petitioner was not a U.S. Citizen and should be
deported to Jamaica (*see* Doc. 1, p. 2); on December 6, 2005,
Hamilton was taken into custody by agents of the U.S. Bureau of
Immigration and Customs Enforcement (hereinafter *ICE*) (*see* Doc.
1, pp. 3-4; *see also* Doc. 2, p. 2; Doc. 9, p. 6).  The
Immigration Judge's Order of Removal became administratively
final on June 2, 2006 when the Board of Immigration Appeal denied
Petitioner's appeal (Doc. 1, p. 4, ¶ 12).  Hamilton sought and,
on February 22, 2007, received a stay of the removal order (*see*
Doc. 2, Exhibit A).  Petitioner maintains that he has been
detained for too long and that such detention is improper (Doc.
2, pp. 2-9).  Hamilton seeks release from custody (*id.*).
Petitioner filed this action on April 9, 2007 (Doc. 1).

    Respondents subsequently filed a Response, stating that
Petitioner is being detained—and has not been deported—because of
his own actions (Docs. 8, 14).  More specifically, Respondents

----

[3]Petitioner states in his petition that he entered this country
on September 1, 1965 (Doc. 1, p. 3) but in a subsequent pleading, he
states that it was September 1, 1976 (Doc. 9, p. 6).  This latter date
is consistent with Hamilton's statement that he had been a resident of
this country for thirty-one years (Doc. 9, p. 2).

assert that Hamilton requested a stay of his removal which was granted by the U.S. Court of Appeals for the Second Circuit (Doc. 8). Respondents argue that Petitioner's confinement is proper in light of his requested stay of removal (*id.*).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[4] the *Zadvydas* Court held that

---

[4]The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

    (a) Detention, release, and removal of aliens ordered removed
        (1) Removal period
            (A) In general
                Except as otherwise provided in this section,
                when an alien is ordered removed, the Attorney
                General shall remove the alien from the United
                States within a period of 90 days (in this
                section referred to as the "removal period").
            (B) Beginning of period
                The removal period begins on the latest of the
                following:
                    (i) The date the order of removal becomes
                        administratively final.
                    (ii) If the removal order is judicially
                        reviewed and if a court orders a stay
                        of the removal of the alien, the date
                        of the court's final order.
                    (iii) If the alien is detained or confined
                        (except under an immigration process),
                        the date the alien is released from
                        detention or confinement.
            (C) Suspension of period
                The removal period shall be extended beyond a
                period of 90 days and the alien may remain in
                detention during such extended period if the
                alien fails or refuses to make timely application
                in good faith for travel or other documents
                necessary to the alien's departure or conspires
                or acts to prevent the alien's removal subject to
                an order of removal.

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689.

The Eleventh Circuit Court of Appeals has held that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).  In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052.  That does not appear to be an issue in this action as more than ten months lapsed between the time that Hamilton's Order of Removal became final and he filed this action (June 2, 2006 - April 9, 2007).  The *Akinwale* Court also noted that the six-month-period could be interrupted by a petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.  Again, this does not seem to be an issue as Hamilton was detained for more than eight months before he requested a stay of deportation (June 2, 2006 - February 22, 2006); so the request for a stay—and the granting

---

8 U.S.C.A. § 1231.

4

thereof—did not toll the six-month period.

The *Zadvydas* Court has further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  The evidence shows that although he has been confined for more than six months, Hamilton, through his own actions, has obstructed the removal process by filing a Stay of Deportation and that this action has led to his continued detention.  As such, Petitioner cannot prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  The Court finds that Hamilton's continued detention is not improper under 8 U.S.C. § 1321(a)(1)(C).

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Peter D. Keisler, Michael Chertoff, and David O. Streiff and against Petitioner Recardo Alphanso Hamilton.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 27th day of November.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE